# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Richard Duncan<br>33200 Freedom Rd. Apt. 7<br>Farmington, MI 48336<br><br>    Plaintiff,<br><br>v.<br><br>I.C. System, Inc.<br>c/o The Corporation Company<br>30600 Telegraph Rd., STE 2345<br>Bingham Farms, MI 48025<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around September 11, 2008, Defendant telephoned Plaintiff.

8. During this communication, Defendant misrepresented that Defendant's phone call was a pre-litigation call.

9. During this communication, Defendant threatened to sue Plaintiff if Plaintiff did not satisfy the debt.

10. On or around September 22, 2008, Defendant telephoned Plaintiff.

11. During this communication, Defendant spoke to Plaintiff in an abusive manner

12. During this communication, Defendant threatened to sue Plaintiff if Plaintiff did not satisfy the debt immediately.

13. On or around September 25, 2008, Defendant telephoned Plaintiff.

14. During this communication, Defendant threatened to sue Plaintiff if Plaintiff did not satisfy the debt immediately.

15. During this communication, Plaintiff requested that Defendant cease Defendant's excessive phone calls to Plaintiff.

16. During this communication, Defendant responded by threatening to telephone Plaintiff as much as Defendant pleased and whenever Defendant pleased.

17. At the time of the communications referenced above, Defendant had neither the intent nor ability to sue Plaintiff to recover the debt.

18. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.
Attorneys for Plaintiff

By: s/Timothy J. Sostrin
    Timothy J. Sostrin
    233 S. Wacker, Suite 5150
    Chicago, IL 60606
    Telephone:  312-753-7576
    Fax: 312-822-1064
    Email:  tjs@legalhelpers.com

    s/ with consent of Lori A. Leigh
    Lori A. Leigh
    17117 W. Nine Mile, Suite 1020
    Southfield, MI 48075
    Telephone: 866-339-1156
    Fax: 248-569-3874
    Email: lal@legalhelpers.com
    Bar # P65423 (Local Counsel)